## GREENE v. WILSON SAND & SUPPLY CO.

### Ohio Appeals, 4th Dist., Gallia Co.

### Decided March 19, 1928.

#### First Publication of This Opinion.

### Syllabus by Editorial Staff.

**1261. WATER & WATERCOURSES—997. Real Estate.**

Where river is boundary between two states and dominion of one state over island in such river was fixed by condition of river at time of grant of Northwest Territory, any change which may have occurred in the flow of river since that time, by reason of action of natural forces, can not and does not affect such dominion.

**225. CHARGE OF COURT.**

Where party requests trial court to give certain instructions to jury before argument, and record does not disclose whether request was to give instructions separately or as a whole, and, taken as a whole, instructions are improper in form and many of them in substance also, error cannot be predicated on refusal of court to give instructions which were proper.

### Error to Common Pleas.

### Judgment affirmed.

A. J. Greene, Gallipolis, for Greene.

R. M. Switzer, Gallipolis, for Sand & Supply Co.

### STATEMENT OF FACTS.

The plaintiff in error, who was plaintiff below, in an action against the defendant in error, who was defendant below, claims to be the owner of certain premises lying between First Avenue in the city of Gallipolis, Ohio, and the low water mark of the Ohio River. The plaintiff in error, who will be referred to herein as the plaintiff, brought her suit for damages on account of a trespass upon said

premises alleged to have been committed on that part thereof between the top of the Ohio River bank and the low water mark of said river, along the northwest shore. Opposite the premises of the plaintiff there is an island in the Ohio River known as Gallipolis Island. Between this island and the Ohio shore is a channel of water which ordinarily is approximately one hundred and twenty-five yards wide. It was the contention of the plaintiff in the trial of the case in the lower court that said Gallipolis Island is not an island but a promontory or peninsula extending from the Ohio shore out into the Ohio River.

The plaintiff, further to support her claim, introduced in evidence a map, being a copy of a survey made by United States engineers sometime between 1880 and 1890, which map and other evidence shows that the channel of the Ohio River between Gallipolis Island and the Ohio shore at times becomes dry and particularly that part of the channel between the premises of the plaintiff and the island. This map further locates the low water line of the Ohio River in the channel southeast of said island or body of land and therefore, on the southeast side of the island. It is plaintiff's contention, therefore, that her premises extend entirely across the channel on the northwest side of the island which has been described, to the low water mark on the east and southeast sides of said island. The defendant in the trial below offered in evidence a copy of the original plat of the Ohio Company, which was the first proprietor of the lands northwest of the Ohio River and opposite to said island. This plat shows the channel of the river in front of plaintiff's premises and as also completely surrounding the piece of land designated as Gallipolis Island. This plat is evidence of the fact that when it was made more than one hundred years ago the water was then flowing between the island and the mainland on the Ohio side of the river. In addition to this evidence the defendant showed that the island in question has always been regarded as part of the State of West Virginia, that the title thereto is of record in that state, that the owners thereof paid taxes thereon and paid such taxes for many years in said state, and that this title is shown by the records of Mason County, West Virginia, as early as 1824.

MIDDLETON, P. J.
"We are unable to accept the plaintiff's contention or adopt her interpretation of the law which controls the situation presented here by the undisputed facts. Upon the other hand, under the authority of Indiana v. Kentucky, 136 U. S. 479, we are constrained to hold that the dominion of West Virginia must continue as it was fixed by the condition of the river at the time of the grant of the Northwest Territory, and that any change which may have occurred in the flow of the river since that time by reason of the action of natural forces can not and does not affect such dominion. Moreover, it is conclusively shown here that the island known as Gallipolis Island has always been in the possession of the authority controlling the river to the low water line on the northwest shore thereof, and such possession is conclusive of the fact that said island is a part of such territory. We are therefore convinced that plaintiff's premises may only extend to the low water mark on the northwest side of said river, and that said mark must be located somewhere in the channel between the Ohio shore and the island in question, and

that there was no error in the instruction of the court of which the plaintiff now complains.

The plaintiff further complains of the refusal of the trial court to give certain instructions which the record shows she requested to be given to the jury before argument. The record does not disclose whether her request in this respect was to give the instructions in question as a whole or separately. Some of the instructions so requested stated correct abstract propositions of the law. But, taken as a whole, the instructions were improper in form and many of them in substance also. We cannot predicate error on the refusal of the court to give the instructions which were proper for the reason, as before observed, that there is nothing in the record to show that such instructions were requested to be given separately, and for the further reason that they pertain only, as before observed, to mere abstract principles of law.

On the whole evidence in the case, in our judgment, there was a complete failure of the plaintiff to show any right of action against the defendant company and the trial court might well have directed a verdict in favor of the latter at the close of the plaintiff's evidence. This fact alone precludes the court from assigning any errors that may have resulted in any substantial prejudice to the plaintiff."

(Mauck and Thomas, JJ., concur.)