## KALAMAZOO STOVE CO v MAY

Ohio Appeals, 3rd Dist, Hancock Co

No 340.   Decided Jan 22, 1934

Donald A. Dietsch, Findlay, for plaintiff in error.

Blackford & Blackford, Findlay, for defendant in error.

**OPINION**

By GUERNSEY, J.

There are a number of assignments of error in the petition in error, but the only ones pointed out in the brief of plaintiff in error, and which under the statute and rules of practice of this court will be the only ones considered, are:

1. Error in the amount of recovery, the same being too large, as appears from the record.

2. The verdict is not sustained by sufficient evidence and is contrary to law.

3. The court erred in refusing to charge the jury either one or more of the three special instructions before argument of counsel, as requested by the defendant, the defendant having then and there excepted to the refusal to so charge.

4. The court erred in its charge to the jury.

The undisputed facts, as shown by the bill of exceptions, are: Plaintiff has been the owner of the real estate described in the petition, for many years and that the dwelling house on said premises for a number of years prior to the installation therein of a furnace by the defendant as hereinafter mentioned, was provided and equipped with a pipeless furnace for heating purposes.

On October 8, 1930, plaintiff leased this property to the Fenstermakers, by written lease, said lease containing a provision that the Fenstermakers had the option to purchase the same for the sum of five thousand dollars, and also containing the provision referred to in the answer of the defendant. The option of purchase was never exercised and the Fenstermakers never paid anything more than rent.

On the 17th day of October, 1930, Mrs. Fenstermaker entered into a contract with the defendant without the knowledge or consent of the plaintiff, by the terms of which plaintiff was to remove the furnace in the house and install a new Kalamazoo furnace, which contract was immediately performed by the defendant through its agents and servants.

That the pipeless furnace which was removed from plaintiff's premises by the defendant, was installed in the ordinary manner that pipeless furnaces are installed; and that the defendant removed this furnace and sold it and installed a new Kalamazoo furnace in place of it; that incident to such new installation, the defendant installed various pipes throughout the dwelling house connecting the furnace with the registers which it installed in various rooms in the house for the purpose of distributing the heat from the furnace, and that in doing this work it was necessary to cut holes in the flooring in the various rooms in the house; that the furnace proper was set up on a casting in the basement and was then connected with the various pipes through which the heat was carried to the various rooms of the house.

The Fenstermakers moved out of the house and abandoned their contract, November 20, 1931, without paying anything on the furnace.

The plaintiff reentered the property and

through her tenants used the furnace installed by the defendant, until September 15, 1932, when the defendant, without any notice to the plaintiff and without her knowledge or consent, entered said property and removed the furnace, and that the house had been without a heating plant from the date of said removal until the date of trial.

In removing the furnace, the plaintiff disconnected the pipes from the furnace proper, used for the conduct of heat from the furnace, and took out the furnace but did not remove the piping that had been installed.

The plaintiff had no notice from the defendant that it had placed a furnace in the property, and no notice that it was taking it out, and the old furnace was never accounted for to plaintiff.

The Fenstermakers and the defendant entered into an agreement for the installation of said furnace by defendant in said premises, as alleged in the answer, in which a reservation of the title to the furnace was made by the defendant until the purchase price thereof was paid. That neither said agreement nor a copy thereof, was filed as a conditional sale contract, in the office of the recorder of Hancock County.

Witnesses for the plaintiff testified that on account of the removal of the furnace, the premises of plaintiff were of a value from two hundred dollars to three hundred dollars less after the removal of the furnace than they were before the removal thereof. One of defendant's witnesses testified that it would cost one hundred and thirty five dollars to replace the furnace parts removed.

There was evidence offered by plaintiff tending to prove loss of rentals and depreciation in rentals caused by the removal of such furnace.

The defendant contends that by reason of the fact that it reserved title to the furnace in its contract with Fenstermakers, it had the right as against the plaintiff, who was the owner of the premises, to remove such furnace as personal property upon the default of the Fenstermakers in making payments; and that even though the contract was not recorded as a conditional sale contract as provided in §8568, GC, the reservation of the title was good as against the plaintiff because plaintiff was not a subsequent purchaser or mortgagee in good faith and for value, and was not a creditor. Or, in other words, plaintiff being the owner of the property, was not in any of the classes against whom such reservation is void for failure to deposit

such contract or a true copy thereof with proper oath, in the office of the county recorder.

This contention of the defendant might be sound if the character of the property covered by its contract had not been changed from personal to real property subsequent to the execution of the contract.

In this case, the furnace covered by the contract was substituted for the furnace already on the property which was a fixture on the property, and the property substituted being substituted for a fixture, the defendant is estopped from denying that it is a fixture; and even if this rule did not apply, the furnace and equipment covered by the contract became fixtures by annexation to the realty.

Three general tests have been formulated and developed to be applied in determining the status of any chattel affixed to realty in any particular case. These tests, which have been accepted by all courts and text writers, are as follows:

1. Actual annexation to realty, or to something appurtenant thereto.

2. Adaptation to the use or purpose of that part of the realty with which it is connected.

3. The intention of the party making the annexation, to make a permanent accession to the freehold.

19 Ohio Jurisprudence, 89.

Tcaff v Hewitt, 1 Oh St 511.

The intention in making the annexation does not mean the secret intention, but rather the purely legal intention to be deduced from the various external facts.

19 Ohio Jurisprudence, page 91.

In regard to the respective rights of a landlord and the chattel mortgagee of personalty placed by the tenant on the realty of the landlord, where the article, from the nature and method of annexation, would be regarded as a fixture, or where its removal would cause damage to the realty, the landlord's right would be superior to that of the chattel mortgagee.

19 Ohio Jurisprudence, 108.

Applying these tests to the furnace installed by defendant, the furnace was placed on the realty and attached to the pipes constituting a part thereof and appurtenant thereto. The furnace was also adapted to the use or purpose of that part of the realty, to-wit, the dwelling house, with which it was connected.

While the defendant, as between itself and the Fenstermakers, in the conditional sale contract expressed an intention of not

changing the character of the property from personal to real property, the furnace was actually attached in such a way as to become an integral part of the real estate and its removal caused damage to the realty; and the purely legal intention to be deduced from such facts is that the furnace, except as between the defendant and the Fenstermakers, was by the legal intention of the parties, converted from personal property into real estate. And as between the plaintiff and defendant, the furnace installed by the defendant, from the time of its installation became, as a matter of law, a part of the real estate of the plaintiff. As the furnace became part of the real estate, the rules applicable to personal property covered by conditional sales contracts, do not apply to the furnace as between the plaintiff and defendant.

The first special request to charge before argument, made by the defendant, was based on the theory that the furnace did not lose its character as personal property when attached to real estate, and consequently was an incorrect statement of law as applied to the facts of the case, and was properly refused.

The second request to charge before argument, made by the defendant, is based on the theory that the provision in the lease from the plaintiff to Fenstermakers authorizing the Fenstermakers to make improvements on the leased premises at their own expense, in some way had the effect of making the plaintiff liable to the defendant for the installation of the furnace on the failure of the Fenstermakers to pay for the same. The provision in the lease mentioned, authorized the Fenstermakers to make minor improvements at their own expense, and such authority cannot be extended to require the plaintiff to pay for improvements made by the Fenstermakers, and consequently this statement was an incorrect statement of the law applicable to the facts, and was properly refused.

The third request to charge, made by the defendant, was based on the theory that the furnace did not, as between the plaintiff and defendant, change its character from personal property to real estate through its attachment to the real estate. For the reasons hereinbefore stated, this theory did not apply to the facts in this case, and this request was properly refused.

The requests mentioned, were not offered as separate, several and independent propositions of law, and consequently there is a presumption that they were offered as a series. And if any one of them failed to state a correct proposition of law applicable

to the facts of the case, it was not error for the court to refuse all of them.

The defendant contends that the general charge was erroneous in that the trial court charged the jury that the defendant was liable for moving the furnace from plaintiff's property after its installation therein; and that it also charged the jury that the defendant was liable for actual damages for such removal, and instructing the jury to add to this such interest as may have accrued to the plaintiff by loss of rental, and so forth, as shown by the evidence.

As hereinbefore set forth, the furnace, as between the plaintiff and defendant, upon the undisputed facts of this case, upon its installation in plaintiff's dwelling house became a fixture as a matter of law, and consequently the charge of the court that the defendant was liable for moving the furnace from the plaintiff's property, was correct.

That part of the charge instructing the jury to add to the actual damage, such interest as may have accrued to the plaintiff by loss of rental, and so forth, as shown by the evidence, is an incomplete statement of law, but in the absence of a request by the defendant to define and limit the damages accruing from loss of rent, was not prejudicially erroneous, particularly in view of the fact that the verdict of the jury was for such an amount that it does not reflect that any allowance was made on account of loss of rents.

On a thorough examination of the record we find that the verdict of the jury is fully sustained by the evidence and that the overwhelming evidence in the case is such that if this action was tried again, a jury could not reach any different result, and applying the provisions of §11364, GC, we find that substantial justice has been done to the party complaining.

Holding these views, the judgment of the lower court will be affirmed.

KLINGER, J, concurs.

## CONCURRING OPINION

By CROW, J.

I concur in the affirmance of the judgment of the court below for the following reasons: There were but two issues, namely, whether the property removed by defendant was a fixture, and if it was such, the amount of damage recoverable by plaintiff.

The first issue became, by the evidence introduced in behalf of both the parties, a

matter of law, inasmuch as all the evidence on that issue showed it to be a fixture.

It therefore follows that whatever error attended that issue could not have been prejudicial to plaintiff in error.

No error material to the rights of plaintiff in error, occurred, touching the issue of the amount plaintiff was entitled to recover.

The record thus failing to show any prejudicial error, it follows that substantial justice was done within the intent of §11364, GC.