## DARST v COLUMBUS (city)

Ohio Appeals, 2nd Dist, Franklin Co

No 2756. Decided Sept 28, 1937

John L. Davies, City Attorney, Columbus, Baxter Evans, Columbus, and .Charles R. Petree, Asst. City Attorneys, Columbus, for appellant.

Boyd & Boyd, Columbus, for appellee.

## OPINION

By HORNBECK, J.

Plaintiff secured a verdict against the defendant in the sum of $500.00 for personal injuries suffered by reason of a broken place in a sidewalk on East Eighth Avenue, Columbus, Ohio. The trial judge set aside the verdict and granted a new trial on the ground that the verdict was manifestly against the weight of the evidence. ·

The defendant prosecutes its appeal on law, assigning as grounds thereof the failure of the trial court to sustain its motion for directed verdict at the conclusion of the plaintiff's case and at the conclusion of the whole case and asks this court to support its claim as to the errors assigned and to enter judgment in behalf of the defendant. **Michigan-Ohio-Indiana Coal Assn. v Nigh, Admr., 131 Oh St 405.**

The claim of defendant is that the plaintiff, under the evidence, is chargeable as a matter of law with contributory negligence. We state so much of the facts as are necessary to an appreciation of the question presented and in so doing present the evidence in its most favorable light to the plaintiff, as is required.

Plaintiff for three or four months prior to her accident, which occurred on the morning of March 2, 1934, lived at 1454 Indianola Avenue, Columbus, Ohio. She was employed at the Dickerson Shoe Company and took a High Street car to her work, which street she reached by way of East Eighth Avenue. The broken sidewalk was

opposite the entrance to 90 East Eighth Avenue, which was on the north side of the street. Plaintiff, on the morning when injured, reached 90 E. Eighth Avenue about 7:15 or 7:20 o'clock. Plaintiff testifies that carrying a raised umbrella she was moving rapidly toward the west, from which direction a pouring rain was coming and it was not real light. The sun rose at 7:04 A. M. and there was a period of twilight of thirty minutes before sunrise, the visibility and period of which would be affected by the cloudy morning. The plaintiff had frequently walked on the north side, although it was her custom to use both sides of the street. In front of 90 E. Eighth Avenue was an iron fence, which abutted the sidewalk. At the entrance there was an iron gate, opening outward toward the east. A block of cement approximately a foot east of the east side of the gate was broken and the block with which it connected to the east was broken in several places, as was a block to the south. Near the south side of the sidewalk there was a three-cornered break with a jagged, rough edge, approximately 18 inches wide and raised above the level about one and one-half inches. It was at this place on the pavement that the plaintiff caught the toe of her right foot and fell.

On the morning of the accident the gate at the pavement was open. There was a puddle of water beginning at the north edge of the junction of the two blocks of cement and the plaintiff moved over to the south side of the walk to avoid the open gate and the water standing on the pavement. She testifies that she did not see nor appreciate that the place where she tripped was in the line of her movement. She testified that she knew generally of the broken sidewalk but did not know specifically of the jagged place in the walk where she tripped and fell. It appeared on cross-examination that had she directed her attention specially to the broken place where she tripped she could have seen it some twenty or thirty feet away.

The facts existent at the time of the accident were developed entirely upon the testimony of plaintiff and her witnesses, with the exception that the defendant offered one witness, Mr. William H. Alexander, meteorologist with the United States Weather Bureau, to show the weather conditions on the morning of the accident. His testimony was that there was rain that day, which rain began at 6:40 in the morning and continued steadily until midnight. He also says that there was fog on the morning in question, which did not being until ten o'clock. Upon these weather conditions there is little dispute, but if so there was a factual question for the determination of the jury because the place where the meteorologist made his findings was in another part of the city than the place where the accident occurred.

The trial judge overruled defendant's motions for a directed verdict but granted the motion for new trial upon the ground that the defect in the sidewalk causing the plaintiff to fall was plainly visible and had she looked she should have seen it and having knowledge of the defect she should have looked and avoided her injury. It is the claim of the defendant that upon the court's own statement judgment should be entered for the city.

The trial judge recognized the rule in Ohio as announced in Highway Construction Company v Sorna, 122 Oh St 258:

"One using a sidewalk, crosswalk, street or highway, which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects, such as his observation ought to have detected and avoided."

but upon the whole evidence was of the opinion that there was a factual question for the jury.

We are in accord with the conclusion of the trial judge. We recognize the law in Ohio as announced in Schaefler v City of Sandusky, 33 Ot St 246, Village of Conneaut v Naef, 54 Oh St 529, both cases arising because of injuries received on icy pavements. An annotation to Gryning v Philadelphia, (Pa.) 13 A.L.R. 79; 43 C. J. 1082, announces the general rule, though it may be somewhat qualified in Ohio:

"The mere fact that one using a street or public way had knowledge of the defect or obstruction by reason of which he was injured does not, as a matter of law, constitute contributory negligence precluding a recovery, if in view of such knowledge he exercised reasonable and ordinary care under the circumstances."

Smith v Washington, 75 A.L.R. 1508; 13 R.C.L. 475, et seq; 20 C.J. 700.

Under our cases there are two elements which are to be considered touching the contributory negligence of the plaintiff: (1) the knowledge of plaintiff of the defect in the sidewalk which caused her in-

jury; (2) her obligation to use her faculty of sight to observe the dangerous condition of the sidewalk.

As to (1), in our judgment we can not say, as a matter of law, that the plaintiff must be chargeable with knowledge of the dangerous place in the sidewalk upon which she tripped on the morning of her accident. The most that can be imputed to her is knowledge that there was a broken condition of sidewalk across practically its whole width but the extent to which it might be dangerous may or may not have been known to her.

(2) Because of the statement of the plaintiff that the condition of the weather was murky, that there was very little light and that it was pouring down rain, the jury may have properly concluded that in the exercise of ordinary care she did not and could not have seen the broken place in the pavement over which she fell.

The first proposition of the syllabus in Highway Construction Co. v Sorna, supra, was not required as an announcement of the law pertinent to the facts in the case but is merely a re-statement with approval of the principle announced in Schaefler v City of Sandusky, Village of Naef, supra, and City of Norwalk v Tuttle, 73 Oh St 242. As a matter of fact, the court affirmed the judgment in favor of the plaintiff against the Construction Company and Judge Day in the opinion at page 266 quoted with approval that portion of Schaefler v City of Sandusky as follows:

"The case, as found by the special verdict, is not one where there is an obstruction not known to be perilous. In that class of cases negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise. But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, can not be regarded as exercising ordinary prudence, and therefore does so at his own risk."

"The plaintiff in error contends that the expression, 'where there is an obstruction not known to be perilous * * * negligence can not be imputed to one who uses such carefulness as a man of ordinary prudence would exercise,' is obiter and not necessary to the decision of that case. Be that as it may, the proposition of law as stated is a sound one and is well established in the authorities." Citing several cases and texts.

At the bottom of page 266 Judge Day continues:

"As stated in 43 Corpus Juris, page 1092: 'Nor is it negligence to use a way known to be merely defective, but believed to be safe with ordinary caution. In considering whether or not plaintiff exercised proper care in taking the route he did, the fact that such route was generally used by the public, or that the alternative route was also dangerous, or was long and difficult, should be taken into consideration'."

In the instant case the sidewalk where the plaintiff was injured was open to and regularly used by the public. The break in the sidewalk extended the full breadth thereof and obviously was more dangerous at the place where plaintiff was injured than elsewhere. The question, then, whether under all the facts appearing on the morning in question the plaintiff exercised ordinary care for her own safety in failing to observe and avoid the immediate place where injured was properly submitted to the jury.

A municipality is under obligation to provide sidewalks which are free from nuisance and pedestrians have the right to assume that this obligation will be observed until they are definitely apprised that a contrary condition exists. The care enjoined upon the plaintiff was to exercise her faculties as an ordinarily prudent person would have done under the same or similar circumstances and she was not obligated to a searching and minute scrutiny of every portion of the sidewalk which she was using as she passed the entrance at 90 E. Eighth Avenue.

It is true, as urged by counsel for defendant, that there are many facts which tend definitely to prove that the plaintiff was chargeable with contributory negligence but they are not conclusive. For instance, she says that she could not keep in mind the broken place in the pavement on the morning of the accident and that she had theretofore frequently gone around it by moving nearer to the fence.

We have held in Panosetti v Frosh, 15 Abs 626, that under the facts there appearing temporary forgetfulness of a dangerous condition known to a party did not absolve her from contributory negligence. However, upon the whole, there are other conditions to be found in this record which comport with the conclusion that the plaintiff was in the exercise of ordinary care at the moment that she fell and that the facts will bear such interpretation and

should not be resolved against her as a matter of law.

The judgment will be affirmed.

BARNES, PJ, and GEIGER, J, concur.