## NAIRN v COLUMBUS (City)

Ohio Appeals, 2nd Dist, Franklin Co

No 3338. Decided May 17, 1941

John L. Davies, City Attorney, Columbus; Baxter Evans, Special Counsel, Columbus; Lawrence R. Curtis, Asst. City Atty., Columbus, for defendant-appellant.

Will J. Hays, Columbus, for plaintiff-appellee.

## OPINION

By GEIGER, PJ.

This matter is before this Court upon appeal on questions of law from the judgment of the Court of Common Pleas rendered on a verdict returned by the jury for the plaintiff in the sum of $500.00.

In her amended petition the plaintiff stated that on the 13th of April, 1939, she was walking north on South Fourth Street when she caught her left heel in a break or hole in the sidewalk and tripped and fell, injuring herself as stated; that said sidewalk was negligently allowed to become and was out of repair on account of the crumbling of the cement and concrete which resulted in forming an irregular and jagged hole; that said break or hole had existed for a period of more than one year; that the defendant had actual knowledge of the existence thereof, or should have acquired knowledge on account of the period of time that said break or hole had existed. Plaintiff asks judgment in the sum of $2000.00.

The City answered admitting its corporate capacity and denying each and every other allegation not admitted, and alleges that if the plaintiff incurred injury or damage as set out in the amended petition said damage was solely by reason of her own negligence and not by reason of any negligence on the part of the defendant.

To this a reply was filed denying that her injury was due to her own negligence.

A unanimous verdict returned by the jury in favor of the plaintiff.

The motion to set aside the verdict and for a new trial was filed and overruled; and the court rendered a judgment upon the verdict.

City gave notice of appeal from the judgment by the Court overruling the City's motion for directed verdict and from final judgment of the court in the sum of $500.00.

The appellant assigns as errors that the court erred in the admission of evidence; in overruling the defendant's motion for directed verdict at the close of the plaintiff's case and at the close of all the evidence; that the court erred in giving special charge No. 4 offered by the plaintiff; erred in its charge to the jury; that the verdict is against the manifest weight of the evidence.

In addition to the verbal testimony there were introduced certain photographs which exhibited the break in the sidewalk into which the plaintiff's heel slipped causing her to fall. There is not much difference in the testimony offered. The defendant, however, complains that the Court committed error in permitting an expert cement worker to testify as an expert as to the cause of the crack in the sidewalk and its possible duration. We have read this evidence and find no error in its admission. If there was a break in the sidewalk the obligation was upon the plaintiff to show either that the city had actual knowledge of it or to show that it existed for such a time that knowledge would be presumed. The man who testified as to the period of time that the hole was in forming and its existence was well qualified to give judgment upon this point.

The defense is also made that the plaintiff should have discovered the obstruction in the sidewalk and avoided it. The plaintiff gives a very concise and reasonable statement of why she did not discover the obstruction, stating that she had certain bundles in her hands and arms; that she was proceeding in the usual manner along the sidewalk when her heel struck the depression and she was thrown. Her statement seems to be reasonable and we have no disposition to reverse a judgment based upon the unanimous verdict of the jury.

We have read the general charge of the Court which we think is without error. Complaint is made that the Court erred in giving the plaintiff's special charge No. 4 offered before argument:

"The court further instructs you that plaintiff had the right to assume that the defendant had performed its duty under §3714 GC, and that South Fourth Street on the day of the accident was open, in repair, and free from nuisance."

Sec. 3714 provides that council shall have the care, supervision and control of public highways, streets, etc., within the corporation, and shall cause them to be kept open, in repair and free from nuisance.

We see no error in the charge of the court in instructing the jury as it did that the plaintiff had a right to presume that council performed its duty under this section.

We see no reason why this Court should reverse the judgment.

Judgment affirmed. Cause remanded.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No 3338. Decided June 9, 1941

BY THE COURT:

On application for rehearing.

The appellant makes application for rehearing. The first portion of the motion is directed to a statement by the Court in its opinion, to the effect that the plaintiff gives a very concise and reasonable statement of why she did not discover the obstruction, stating that she had certain bundles in her hands and arms. Counsel sets out at considerable length the burdens then borne by plaintiff, among them, her purse, size unknown, a flower pot, pair of shoes, the pot and its enclosing paper making a package 18 inches long. The question was asked, "Well, those bundles did not interfere with looking straight ahead, did they?" "No, evidently I could see ahead, yes, sir." Of course, the lady may very readily state that she could see ahead, but that does not necessarily place her in a position where she would be guilty of contributory negligence because she did not see

a low, irregular break in the sidewalk, within a short distance of the edge, as disclosed by the photographs.

Criticism is made of the statement by the Court that special charge No. 4 was without error, counsel citing in support of his view **Pitzer v Sears Roebuck & Company**, Trumbull County, **Ohio Law Rep.**, Feb. 3, 1941, wherein the Court holds that it was prejudicial error for the Court to give a special charge that as a matter of law a pedestrian had a right to assume that the sidewalk is free and clear of all obstructions, without adding the necessary qualification of absence of knowledge to the contrary. This court has been puzzled as to this criticism. If the plaintiff has a right to assume and you charge she can not assume unless there is a qualification of absence of knowledge to the contrary, there arises a confusion of language which, to say the least, is inaccurate.

To assume a thing is "to take for granted, or without proof; to suppose as a fact." It is difficult to conceive how a person can take for granted or without proof or suppose as a fact a condition which must be qualified by absence of knowledge to the contrary. The moment a person has knowledge of facts to the contrary, all the mental process which is the basis of an "assumption" passes out and the assumption is superseded by knowledge. Knowledge and assumption of the same facts can not exist at the same time. We are conscious of the fact that the Supreme Court in **Swoboda v Brown, 129 Oh St 512**, 8th Par. of the syllabus, has stated that one may assume rightfully the observation of the law "in the absence of notice or knowledge to the contrary". This is repeated in the case of **Blackford v Kaplan, 135 Oh St 268**, wherein the Court states on page 71 that "a charge of the right to assume that every person will use the highway in a lawful manner, was incomplete in that it did not contain the words, 'in the absence of notice or knowledge to the contrary'". It seems to us idle to require such a charge where there is not a particle of evidence that the

woman had or should have had notice or knowledge of the existence of a break in the sidewalk.

Counsel has referred to the Pitzer case, and we find a statement by the court to the effect "whether plaintiff was negligent under the circumstances was a question for the jury, this court not being in accord with the claim of the defendant that the mere fact that the plaintiff failed to see the obstruction on the sidewalk in broad daylight would defeat her recovery. It was the province of the jury to determine under the particular circumstances shown by the evidence whether plaintiff acted as a reasonably prudent person would under the same or similar circumstances." We prefer to adopt that paragraph of the Pitzer case as being a correct statement of the law, rather than the statement made in the 4th syllabus.

Counsel makes reference to **Darst v The City of Columbus, 25 Abs 397**. The decision is by this Court. The first syllabus is:

"A municipality is under obligation to provide sidewalks free from nuisance, and pedestrians have the right to assume that this obligation will be observed **until** they are **definitely** apprised that a contrary condition exists."

There is nothing in this decision that conflicts with our present position, simply a statement that pedestrians have a right to make the assumption until they are definitely apprised that a contrary condition exists. The information that they acquire, of course, takes the place of their assumption. They have no right to assume a thing is true when they are informed to the contrary.

Motion for rehearing denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.