## McKAY, Plaintiff-Appellee v. OHIO FUEL GAS COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3459.   Decided December 14, 1942.

Jack G. Day, Columbus, for plaintiff-appellee.
K. S. Hampton, Columbus, for defendant-appellant.

## OPINION

BY THE COURT:

This matter is before this court on an appeal from the judgment of the Municipal Court of the city of Columbus.

The action was based upon a claim of negligence upon the part of the defendant, in leaving open a hole, approximately six inches deep and four inches in diameter, in the middle of a sidewalk on the west side of Worthington Street, between Tenth and Eleventh Avenues, in the city of Columbus.

The issues made by the pleadings are to the effect that on the morning of September 9, 1940, at about 7:50 o'clock, the plaintiff was walking north on the west side of Worthington Street at a point where an alley intersects said street. She alleges that she stepped into a hole in the middle of the sidewalk which caused the injuries of which she complained.

It is alleged that the Gas Company was negligent, (1) in allowing the curb box to extend above the level of the sidewalk; (2) in failing and neglecting to repair the broken lid of said box, thus creating the hole described.

Judgment is asked in the sum of $1500.00.

The defendant answered, admitting certain formal matters and denying all others, and asking to be dismissed.

The answer does not allege any contributory negligence upon the part of the plaintiff, but that matter assumed an important position as the trial proceeded. The trial resulted in a verdict in favor of the plaintiff for the full amount prayed for. Proper proceedings were had to lodge the case in this court.

After plaintiff's evidence had been introduced a motion was made for a directed verdict on behalf of the defendant, and the same was overruled. The motion was not repeated at the termination of all the evidence.

Seven errors are assigned:

1. That the Court erred in overruling the motion for directed verdict.

2, 3, and 4. Failure to give requested instructions.

5. Error in the charge to the jury.

6. The verdict is not sustained by the evidence.

7. Excessive damages.

A bill of exceptions is presented which is not lengthy, there being little controversy as to the evidence. Included in the bill are photographs showing the position and character of the defect complained of.

We have studied these matters. together with the bill of exceptions, and have no hesitancy in arriving at our conclusion in reference to most of the assignments of alleged errors and will dispose of such without lengthy comment.

There was no error in overruling the appellant's motion for directed verdict as claimed in assignment No. 1.

We will discuss assignments 2, 3 and 4 together.

Under assignment No. 5, we detect no prejudicial error in the charge of the court.

Number 7, alleging that the damages were excessive is is not sustained by the facts. The young girl was seriously injured and lost wages during the period of recuperation.

We have had more difficulty with assignments 2, 3 and 4, relating to the failure to give instructions 1, 2 and 3, requested before argument.

Before we take up in detail the alleged error in refusing to give the instructions requested, we would say that the evidence clearly establishes the fact that the defective condition in the sidewalk was caused by the neglect of the defendant company in not properly repairing the curb box after the same had been broken. The evidence showed that the curb box was a part of the equipment of the defendant for the distribution of gas: that it was broken and had been in that condition for a long period of time: that the defendant knew or should have known of the condition in ample time to repair •

the same. The evidence also shows that the plaintiff had used this street twice a day for about three weeks prior to the accident, but that she had not observed the obstruction, although it was clearly discernible in the daytime. She worked at the University and lived near by, and was accustomed to go at an early hour in the morning from her place of residence to her place of employment. While the accident occurred at about a quarter of eight in the morning, the obstruction was then clearly discernible. The evidence shows that she stepped from the curb and partly crossed the sidewalk, the box being approximately four feet from the curb. Her foot caught in the box and she was thrown down. On being asked on cross-examination whether she had noticed the broken curb box at any time before the accident, she stated, "Frankly, I can't recall having seen that thing. I may have unconsciously noticed it." Being asked if she could plainly see where she was going and whether she had any trouble in so seeing, she replied, "No, I did not have trouble". She explains the position of the curb box upon the sidewalk and the turn in the sidewalk at that point. Her foot caught in the hole and that was what threw her.

Q. "Did you see the box when you stepped into it? A. My foot was caught and I naturally looked down and saw my foot was caught as I was falling forward."

Upon her returning to the point for examination after the accident she had no difficulty in seeing the defect, because, as she testified, she was looking for it.

While, as stated before, there is no allegation in the answer alleging contributory negligence, the rejected charges all relate to contributory negligence.

The record states, "And thereupon the defendants submitted to the court the following special charges with the request that the court give the same before argument of counsel":

The special charges submitted were as follows:

"1. I charge you that pedestrians may not proceed along the sidewalks without looking to the extent that ordinary care requires, and if you find from the evidence that the plaintiff knew or by the exercise of ordinary care could have discovered the existence and condition of the curb box, then your verdict must be for the defendant, the Ohio Fuel Gas Company.

"2. If you find from the evidence that the curb box was located west of the center line of the sidewalk in plain sight of the

plaintiff ·using said sidewalk·in daylight and that there was sufficient space within the bounds of the sidewalk for her to proceed safely, then under such circumstances it would be negligence in the plaintiff to attempt to cross over said curb box and your verdict must be for the defendant.

"3. I charge you that one using a sidewalk which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result to him by open and apparent defects, such as his observation ought to have detected and avoided."

Objection was made to these requested charges. Thereupon the court said: "I have covered them, I think, in my general charge. They will be refused."

Thereupon the court proceeded with the general charge.

**Section 11420-1, GC,** formerly §11477, provides in the 5th paragraph thereof:

"When the evidence is concluded, either party may present written instructions to the court on matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

In decisions rendered before the Code number was changed it was frequently held that the provision above quoted was mandatory in character, and hence when the requested instructions are a correct statement of the law under the issues and evidence, the trial court had no alternative but must give them to the jury before argument. Before the court is required to give such an instruction it must be a correct statement of the law. in reference to one or more of the issues of the case.

In **Barton v. Craig, 121 Oh. St., 371,** it is held in the first syllabus that the section as formerly numbered confers upon parties to civil actions the right to have instructions presented in writing, given to the jury before argument upon request if the same be a correct statement of the law and pertinent to one or more of the issues of the case. A denial of such right constitutes prejudicial error.

See **Cincinnati Traction Company v. Kroger, 114 Oh. St., 303; Chesrown v. Bevier, 101 Oh. St., 282; Lima Used Car Exchange Company v. Hemperly, 120 Oh. St., 400; Baltimore & Ohio R. R. Co. v. Lockwood, 72 Oh. St., 586.**

It will thus be seen that if the special charges requested were a correct statement of the law touching the issues that were made by the evidence, it would be error to refuse to give them before argument, and the court could not, as appears in the record in this case,

discharge his duty by stating, "I have covered them, I think, in my general charge. They will be refused". It would be error even though he correctly charged in his general charge, and correctly covered all matters requested in special charges.

It then becomes our first duty to determine whether or not the court was justified in refusing the charges, not for the reason he stated, but that the same did not correctly state the law. If the special charges did not correctly state the law or were not pertinent to one or more of the issues of the case, the court could properly refuse to give the same, even though a request be made therefor in writing before argument.

This court has had occasion to pass upon the question, of contributory negligence of one using the sidewalk of a municipality. In **Darst v. Columbus, 25 Oh. Ap., 397**, opinion by Hornbeck, J., it is stated in reference to an action to recover from the municipality,

"The care enjoined upon the plaintiff was to exercise her faculties as an ordinarily prudent person would have done under the same or similar circumstances, and she was not obligated to a searching and minute scrutiny of every portion of the sidewalk which she was using as she passed the entrance at Eighth Avenue."

It is stated in syllabus No. 2 that a pedestrian who hurries along a sidewalk * * * and catches her foot in an upraised slab of concrete while stepping around a pool of water in the walk * * * is not obligated to make a searching and minute scrutiny of every portion of the sidewalk * * * even though she is conscious of the broken condition of the sidewalk across practically its whole width * * * and where, because of poor light and heavy rain, it may be concluded that in the exercise of ordinary care she did not and could not have seen the broken place over which she fell, and she can not be held guilty of contributory negligence as a matter of law. The case quoted refers to and comments upon **Coal Assn. v. Nigh, 131 Oh. St., 405; Highway Construction Co. v. Sorna, 122 Oh St., 258; Schaeffer v. Sandusky, 33 Oh. St., 246.**

In **Guthrie v. Columbus, 26 Abs 283**, opinion by Hornbeck, J., it is held:

"Pedestrians are required to use their faculties as an ordinarily prudent person would do while walking along the streets and pavements but are not required to look at a particular point in the sidewalk at any given time."

See also **Nairn v. Columbus, 35 Abs 45**, opinion by Geiger. J.

Under the rules laid down by this court as above pointed out, we are of the opinion that there was no error in the court in refusing to charge the special requested instructions 1 and 2. The reasons why they should not be charged will be apparent upon their reading and need not consume our time.

Charge No. 3 is somewhat more difficult. It is to the effect that one using a sidewalk which ordinary and reasonable care would inform him was dangerous, takes the risk of such injuries as may result by open and apparent defects, such as his observation ought to have detected and avoided. Examining this charge in detail we find a number of things that justified the court in refusing to give it. In the first place, it has reference to the use of a sidewalk which ordinary and reasonable care would inform the pedestrian was dangerous. There was nothing about this sidewalk that indicated to a casual pedestrian using it at infrequent intervals that it had within its limits that which was obviously a hazard, and it does not appear that the sidewalk itself was dangerous. It also requires him to assume a risk of injuries that may result "by open and apparent defects such as his observation ought to have detected and avoided. While the defect had long existed in the surface of the sidewalk, yet this particular plaintiff had not had occasion to ascertain its presence so as to require her to be on guard against it. The very fact that it had existed for a long time without being detected by the defendant and repaired, as was the duty of the defendant, might well indicate that the defect was not so open and apparent as to be a warning to this pedestrian, who was passing over the surface of the walk in going from her place of residence to her place of business. We are of the opinion that the third charge was properly refused, although for an improper reason, and that there was no error in the court so refusing to give it.

There is another matter in reference to these three charges which might be urged but which we do not wish to emphasize.

There are three special charges given. The only thing that the record discloses is the following colloquy between counsel and the court as it appears on page 38 of the bill of exceptions. After the defendant had rested the court inquired:

"How much time do you wish for argument?

"MR. HAMPTON: Not very much time. I want to make a request for some special charges here."

"And thereupon the defendant submitted to the court the following special charges with the request that the court give the same before argument of counsel."

Then follows the special charges as we have set them out, with the objection of counsel and the statement of the court, "I have covered them, I think, in my general charge. They will be refused. How much time then do you wish for argument?"

In **Pugh v. Akron-Chicago Transportation Company, 64 Oh. Ap., 479,** certain charges were requested and refused by the court. The court states:

"With reference to the refusal of the trial court to charge Numbers 1, 2 and 8 of defendant's special requests to charge before argument, the bill of exceptions shows that the defendant by its counsel 'presented to the court, in writing, the following special requests and asked that the same be given to the jury, before argument, in its behalf'. Following this recital appear the eight special instructions requested, including number one above mentioned," (which the court holds was erroneous) "and numbers two and eight which were refused."

"Where the record does not disclose whether a request for certain instructions to be given before argument was that such instructions be given as a whole or separate, error cannot be predicated upon the refusal to give them if, taken as a whole, they are improper in form and some of them are improper in substance." Quoting **Greene v. Wilson Sand & Supply Co., 6 Abs 294,** where it is stated:

"There is a presumption that several special requests for instructions, when not offered as several and independent propositions of law, are offered as a series, and if one of them fails to state a correct proposition of law applicable to the facts of the case, it is not error for the court to refuse all of them." **Kalamazoo Stove Co. v. May, 16 Abs 498.** See, also, 2 O. Jur., 1008, §797.

"As the above quoted No. 1 request to charge was incorrect, the court. irrespective of whether the other instructions were correct or not, did not, under the rules above mentioned, err in not submitting the other instructions, the refusal to submit which is complained of, as such requests were not offered as several and independent propositions of law."

All of the assignments of error are thus disposed of.
Judgment of the court below affirmed.

GEIGER, P. J., BARNES and HORNBECK, JJ., concur.