CHENEY, Plaintiff-Appellee, v GARRETT, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3976.  Decided October 10, 1947.

Wiles & Doucher, Columbus,. for plaintiff-appellee.
Russ Bothwell and Will J. Hays, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, in favor of the plaintiff in an action for damages arising out of a collision between a truck owned by the plaintiff and a truck owned and driven by the defendant.

The defendant filed a cross-petition for damages growing out of the collision on which the Court directed a verdict for the plaintiff. The case was submitted to the jury on the plaintiff's petition and the defendant's answer which was in the nature of a general denial.

The defendant claims the Court erred:

(1) In refusing to give special instructions to the jury before argument;

(2) In sustaining plaintiff's motion to direct a verdict for the plaintiff on defendant's cross-petition;

(3) In directing the jury to sign the verdict after argument of counsel;

(4) In refusing to admit testimony offered by defendant;

(5) In the general charge; and

(6) Other errors apparent upon the face of the record.

The Court refused to give, before argument, two special instructions submitted by the defendant. These instructions constituted a correct statement of the law on contributory negligence. However, in the general charge the Court fully and completely instructed the jury in regard to contributory negligence. It is clearly established that the provisions of §11420-1 Par. 5 GC, which provides for giving written instructions before argument, are mandatory; and that the failure to give before argument proper special instructions submitted in writing which are a correct statement of the law under the pleadings and the evidence, when requested, is reversible error; and that the error is not cured by giving the same instructions in substance or in the same terms in the general charge. **Leonardi v Provision Co., 143 Oh St 623, 628; Ins. Co. v Herbert, 125 Oh St 591; Bartson v Craig, 121 Oh St 371; Used Car Co. v Hemperly, 120 Oh St 400; Cincinnati Traction Co. v Kroger, 114 Oh St 303; Behan v Cincinnati St. Ry. Co., 78 Oh Ap 129, 136; Bauer v Industrial Com., 74 Oh Ap 357; Premier Service Co. v Sefton, 31 Oh Ap 154; McKay v Ohio Fuel Gas Co., 39 Abs, 146.** However, the failure to give special instructions is not reversible error unless the pleadings and the evidence adduced in support thereof require such instructions. We are of the opinion that in the instant case the evidence did not make an issue which required the Court to charge on contributory negligence. The Court in instructing the jury on contributory negligence in its general charge to that extent favored the defendant and went beyond what was required of it under the evidence.

The defendant claims the Court erroneously directed a verdict for the plaintiff on the defendant's cross-petition. A motion for a directed verdict is in the nature of a demurrer to the evidence. In ruling upon this motion the trial judge was required not only to assume the truth of the evidence introduced on behalf of the defendant, but also was required to construe the evidence most strongly in favor of the defendant. In such case the Court was required to give the most favorable interpretation in the defendant's behalf and adopt the view most favorable to his contention. The

Court was required to give the defendant the benefit of all reasonable inferences that could be drawn from the evidence offered, and consider as proved such reasonable inferences favorable to him as the facts proved would justify. 39 O. Jur. pp. 802, 804. If, after giving the evidence such favorable construction, reasonable minds could reasonably come to but one conclusion, and that conclusion was adverse to the defendant, the trial court properly directed a verdict against him; but if reasonable minds could reasonably reach different conclusions or draw different inferences from the evidence adduced, the Court was required to deny the motion and submit the case to the jury. 39 O. Jur. pp. 794, 795.

The defendant filed an answer which was in the nature of a general denial, and in his cross-petition charged the plaintiff with negligence in that the plaintiff failed and neglected to have his truck under control, and that plaintiff failed and neglected to apply his brakes and bring his vehicle to a stop, although he saw the defendant's truck in the roadway ahead of him. The defendant also alleged in his cross-petition that the defendant's truck had first collided with a Buick automobile, and that as a result of that collision "his truck came to a stop crossways of the road and with his truck in that position", the plaintiff crashed into defendant's truck; that at that time the defendant's truck was "crossways of the roadway, and directly in the path of plaintiff's line of travel and in plain view ahead of plaintiff, and that nevertheless, the plaintiff negligently continued on and crashed into and damaged defendant's said truck".

The defendant testified relative to the manner in which the collision took place. An objection was raised by counsel for the plaintiff to the testimony of the defendant on the ground that the defendant, in his cross-petition, alleged that in the collision with the Buick automobile, he was rendered unconscious. The motion to amend the cross-petition at bar by striking out the allegation was granted. At this point the record shows that the defendant was withdrawn as a witness. The defense then called Dr. Lawrence who testified that at the time of the trial the defendant was mentally deranged. Mrs. Allen, the daughter of the defendant, testified that at the time of the trial the defendant appeared to be stupid or dazed, and at times seemed to be bewildered.

The defendant was placed on the stand a second time and testified that he was driving his truck at a rate of speed of approximately thirty miles per hour, that the Buick automobile pulled over to the side of the road to let him go by,

and that as he passed the Buick automobile his front bumper struck the rear bumper of the Buick automobile, causing the defendant's truck to swing across the center line of the highway, and that he applied his brakes and stopped his truck on the south side or wrong side of the highway; that immediately thereafter the plaintiff's truck crashed into the defendant's truck. There was no evidence of any probative value which would tend to show that the defendant was not guilty of negligence in being on the wrong side of the highway at the time the plaintiff's truck collided with the defendant's truck. Nor does the evidence show, construing it most favorably to the defendant, that the driver of the plaintiff's truck in the exercise of ordinary care could have stopped his truck in time to avoid a collision. In construing the evidence most strongly in favor of the defendant, we are of the opinion that the evidence supports the contention that the defendant was guilty of negligence which was the proximate cause of the accident. Such negligence would deprive him of the right of recovery on his cross-petition. Consequently we are of the opinion that the trial court did not commit prejudicial error in directing a verdict for the plaintiff on the defendant's cross-petition.

For his third assignment of error, the defendant contends that the Court erred in directing the jury to sign the verdict after argument of counsel. The motion for a directed verdict was made after the close of all the evidence. The Court definitely announced its ruling on the motion. The record shows that the Court did not instruct the jury to sign the verdict until the general charge was given. Inasmuch as the direction to the jury to sign the verdict was a mere formality, we are of of the opinion that the Court did not act erroneously and that the course of procedure followed was proper.

Assignment of errors numbered four, five and six refer to errors in the general charge and directing the verdict. These matters have already been considered. There is nothing specific offered for the Court to consider under these assignments of error.

Judgment affirmed.

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.